IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CODY JENKINS,[1] | § | |
| | § | No. 197, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN19-03055 |
| HOLLY OSBORNE/DIVISION OF | § | Petition No. 23-15662 |
| CHILD SUPPORT SERVICES, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 20, 2024
Decided: February 6, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The respondent below-appellant, Cody Jenkins ("Father"), filed this appeal from the Family Court's order affirming the Commissioner's dismissal of his petition for modification of child support. For the reasons set forth below, this Court affirms the Family Court judgment.

(2) Father and the respondent below-appellee, Holly Osborne ("Mother"), are the parents of three children. On March 27, 2023, the Family Court entered an

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

order requiring Father to pay $2,139 in monthly child support and monthly arrears of $428. On July 26, 2023, Father filed a petition to reduce his child support based on a substantial change in circumstances not caused by his wrongful conduct. He alleged that he was earning less money at a new job (less than $1,000 per week versus $2,000 per week) and could not afford to pay his living expenses with the amount of child support deducted from his paycheck.[2]

(3)    At the hearing on his petition, Father testified that he was terminated from his better-paying trucking job after an on-board camera incident recorded him almost hitting a car and an accident. He also testified that he did not seek unemployment compensation following his termination. The Family Court Commissioner found that there was no significant change in circumstances justifying the recalculation of child support and dismissed the petition.

(4)    Father requested review of the Commissioner's order. He argued that he was blamed for losing his previous job and could not live on what remained from his paycheck after child support was deducted. The Family Court accepted the Commissioner's order, finding that Father's substantial change in circumstances was the result of his wrongful conduct (termination for cause by his former employer)

---

[2] As the Commissioner noted at the hearing on Father's petition, the amount of child support deducted from the Father's paycheck had decreased because it could not exceed the applicable consumer protection limit of 55% or 60% of his earnings.

and therefore he could not satisfy the requirements for modification of the child support order. This appeal followed.

(5) Father argues, as he did below, that his child support obligation should be reduced because he cannot afford to pay his bills with the amount of child support deducted from his paychecks. He admits that he was fired from the trucking job he held at the time of the March 27, 2023 child support order. Father also raises matters arising since the Family Court child support proceedings, including his termination from his last trucking job and the suspension of his driver's license, but this information is beyond the scope of the record on appeal and must be presented to the Family Court in the first instance.[3]

(6) This Court's review of a Family Court order, including the Family Court's review of a Commissioner's order, extends to a review of the facts and the law, as well as to the inferences and deductions made by the judge.[4] We review issues of law *de novo*.[5] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[6]

---

[3] *See, e.g., Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court.").
[4] *Kraft v. Mason*, 2010 WL 5341918, at *2 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).
[5] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[6] *Jones v. Lang*, 591 A.2d 185, 187 (Del. 1991).

(7) Rule 508 of the Family Court Rules of Civil Procedure governs the modification of a child support order. That Rule provides that a petition for modification filed within two-and-a-half years of the last determination of support "must allege with particularity a substantial change of circumstances not caused by the petitioner's voluntary or wrongful conduct except as described in Rule 501(j) and 506(c)."[7] Under Rule 501(j), parents who suffer a loss of income either voluntarily or due to their own misconduct "may have their support obligation calculated based upon reduced earnings after a reasonable period of time if the parent earnestly seeks to achieve maximum income capacity."[8] Rule 506(c) applies to incarcerated parents. Rule 501(g) provides that "[t]ermination without receipt of unemployment compensation shall be presumed voluntary or for cause."[9]

(8) Having carefully considered the parties' positions and the record, we conclude that the Family Court did nor err in its factual findings or application of the law. Father failed to show that there was a substantial change of circumstances not caused by his voluntary or wrongful conduct. The record reflects that the reduction in Father's income was caused by his termination for cause following an accident and incident with an on-board camera. Although Father made some references at the hearing to other jobs he held after his termination, he did not argue

---

[7] Fam. Ct. R. Civ. P. 508.
[8] *Id.* 501(j).
[9] *Id.* 501(g).

or submit evidence that he had earnestly sought "to achieve maximum income capacity."[10]  The Family Court's judgment must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[10] *Id.* 501(j).